UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DONA CHILSON,

                 Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-804 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Dona Chilson filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After the parties filed cross-motions for judgment on the pleadings, the Court granted Plaintiff's motion and remanded to the SSA, where Plaintiff was awarded roughly $88,461 in past-due benefits. Plaintiff's counsel, Louis R. Burko, Esq., now moves for $22,115.25 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Mr. Burko's motion is granted.

## BACKGROUND

After representing Plaintiff before the SSA, Louis R. Burko, Esq. filed this action on February 26, 2016. (Dkt. 1.) After the parties filed cross-motions for judgment on the pleadings, and Plaintiff filed a reply, the Court granted Plaintiff's motion and remanded to the SSA. (*See* Dkt. 20.) This Court then awarded Plaintiff $7,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 25; 08/02/2017 Docket Order.) On January 19, 2022, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive

1

approximately $88,461 in past-due benefits, with 25% ($22,115.25) withheld as possible fees for her attorney. (Dkt. 26-2.[1])

By motion filed on February 1, 2022, Mr. Burko now seeks $22,115.25 for work performed before this Court. (Dkt. 26-3.) Along with his motion, Mr. Burko submitted a fee agreement, demonstrating that Dona Chilson retained him on a 25% contingency-fee basis, and itemized time records, indicating that he spent a total of 42.2 hours litigating this matter before this Court. (Dkt. 26-3.) $22,115.25 for 42.2 hours of work would be an effective hourly rate of $514.56.

## DISCUSSION

### I.   Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5.[2] Furthermore, because Rule 54(d) allows judges to extend the

---

[1] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $22,115.25. (Dkt. 26-2.)

[2] The SSA insists, in this case and others, that the 14-day filing period runs from when the claimant—not counsel—receives notice of the benefits award. (*See* Dkt. 27.) As this Court has repeatedly discussed, *Sinkler* contains two sentences that are apparently contradictory, at least in cases where the claimant and counsel receive notice on different dates—one stating that the 14-day filing period runs from when the *claimant* receives notice, and one stating that the 14-day filing period runs from when *counsel* receives notice. Despite the SSA's insistence, this Court and others have repeatedly concluded that "starting the 14-day period when *counsel* receives notice of the benefit award is more consistent with *Sinkler*'s logic, because until counsel receives notice of the award, the amount of the award remains 'as-yet-unknown' to the relevant party filing the § 406(b) motion." *Hanlon v. Comm'r of Soc. Sec.*, No. 18-CV-7090 (PKC), 2022 WL 103640, at *2 (E.D.N.Y. Jan. 11, 2022); *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (collecting cases). Despite this district's local rule that, "[u]nless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff," Local

14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Plaintiff's counsel received the notice of benefits award on January 19, 2022. (Dkt. 26-2.) This motion was filed on February 1, 2022. (Dkt. 26.) The motion was thus timely filed.

## II.     Reasonableness of the Requested Fee

### A.     Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits;[3] and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849 & n.2, 853 (2d Cir. 2022).

---

Rule 5.5(g)(1), where Plaintiff's counsel has represented that he received the notice after Plaintiff, the time to file a § 406(b) motion starts from the day counsel receives the notice of award letter.

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

3

With respect to whether a fee would be a "windfall," in *Fields*, the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

B.     Application

Here, Plaintiff retained Mr. Burko pursuant to a 25% contingency-fee agreement. (Dkt. 26-1.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Mr. Burko seeks the full 25% of Plaintiff's past-due benefits. At 42.2 hours of work, that would be an effective hourly rate of $514.56. For the reasons explained below, the court does not find that amount to be unreasonable in the context of this case.

With respect to "the character of the representation and the results the representative achieved," the Court notes that Mr. Burko's briefing was well organized and identified the relevant grounds for remand.

With respect to "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," the Court notes that 42.2 hours would generally be excessive in a normal SSA case, but here, that time was warranted by the voluminous and complicated record. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. 24 F.4th at 854. Here, the transcript was 1,428 pages (Dkt. 7), the opening brief was 23 pages (Dkt. 9-1), and Plaintiff's counsel was also required to draft a reply brief (Dkt. 16). Given that, and the complicated issues in this case, the Court finds that the amount of time Mr. Burko spent on this case was not unreasonable, and thus this factor supports the requested award.

With respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," the Court notes that, like in *Fields*, Plaintiff's

5

counsel had represented Plaintiff in agency proceedings before filing this suit, which would have enabled counsel to brief his arguments before this Court more efficiently. *See Fields* 24 F.4th at 855. Accordingly, this factor supports granting the requested award.

With respect to "the satisfaction of the disabled claimant," this Court has no reason to doubt that Plaintiff is satisfied with the outcome of this case, which achieved exactly what she wanted—an award of past-due benefits.

With respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court observes that the SSA extensively contested this case both before the agency and this Court, even filing a sur-reply before this Court. (*See* Dkt. 19); *Fields*, 24 F.4th at 850. Accordingly, this factor also supports granting the requested award.

For the reasons explained above, the Court finds the requested amount to be reasonable. Additionally, upon receiving the § 406(b) award, Mr. Burko must remit the $7,500 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Louis R. Burko is awarded $22,115.25. Upon receipt of this award from the government, Louis R. Burko shall promptly refund Plaintiff $7,500, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2022
      Brooklyn, New York

6